UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**IRMA MOTEN**                          **CASE NO.  6:21-CV-01920**

**VERSUS**                              **JUDGE JUNEAU**

**MESA UNDERWRITERS SPECIALTY**         **MAGISTRATE JUDGE PATRICK**
**INSURANCE CO ET AL**                  **J. HANNA**

## REPORT AND RECOMMENDATION

Before the Court is a motion to remand filed by plaintiff Irma Moten ("Plaintiff"). (Rec. Doc. 7). Defendant Mesa Underwriters Specialty Insurance Co. ("Mesa") opposes the motion (Rec. Doc. 11). Plaintiff timely filed a reply brief and the motion is now ripe for consideration.  (Rec. Doc. 12).  The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636.  Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the undersigned recommends that the motion be DENIED.

## Factual Background

Plaintiff originally filed the instant suit in Louisiana's Twenty-Seventh Judicial District Court, St. Landry Parish, Louisiana on May 19, 2021.  (Rec. Doc. 1-2).  Plaintiff alleged injuries and resulting damages arising from an automobile accident on November 30, 2020 on I-49 in St. Landry Parish. (*Id.* at ¶ 3).  Plaintiff's suit alleges the automobile accident was caused solely as a result of the fault of Erik

Hernandez, who was driving a 2008 Chevrolet Silverado owned by and with the permission of his employer Adelma Hernandez d/b/a Herliva Auto Sales ("Herliva").   Plaintiff's suit names Erik Hernandez, Adelma Hernandez d/b/a Herliva Auto Sales (jointly "Hernandez defendants"), and Mesa as their insurer. (*Id.* at ¶ 1).

Mesa filed its notice of removal on July 2, 2021, asserting federal diversity jurisdiction under 28 U.S.C. § 1332. (*Id.*).  Plaintiff is a resident of the State of Louisiana. (*Id.* at p. 1).  Defendants Erik and Adelma Hernandez are residents of the State of Texas. (Doc. 1 at ¶ II(A)(11)).  Defendant Mesa is a New Jersey corporation with its principal place of business in New Jersey. (*Id.* at ¶ II(A)(10)).

Citing 28 U.S.C. § 1446(b)(2)(B), Mesa pled timeliness of its Notice of Removal based on Plaintiff's May 19, 2021 state court Petition for Damages. (*Id.* at ¶ I (4)).  Mesa further asserted "[u]pon information and belief, co-defendants Adelma Hernandez d/b/a Herliva Auto Sales, and Erik J. Hernandez, have not yet been served with the suit." (*Id.* at ¶ I (5)).

Plaintiff filed the instant motion seeking remand of this case based on Mesa's failure to obtain consent to removal from defendants Adelma Hernandez d/b/a Herliva Auto Sales and Erik J. Hernandez under the rule of unanimity. (Rec. Doc. 7).  On July 26, 2021, Plaintiff further filed affidavits of service into the record of the state court suit attesting that service was made as to all defendants on June 5,

2021. (Rec. Doc. 11 at p. 6). Such affidavits are also attached to Plaintiff's instant motion. (Rec. Docs. 7-3, -4).

## Law and Analysis

Removal of cases pursuant to 28 U.S.C. §1441(a) requires the consent of all properly joined and served defendants. *Doe v. Kerwood*, 969 F.2d 165 (5th Cir. 1992). This is termed the "rule of unanimity." *Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of N. Am.*, 841 F.2d 1254 (5th Cir. 1988). 28 U.S.C. § 1446(b)(2)(B) provides that each defendant shall have thirty (30) days following receipt by service of the initial pleading or summons to file notice of removal. If multiple defendants are served at different times, each defendant has thirty (30) days, calculated from their individual date of service, to join the removal. 28 U.S.C. § 1446(b)(2)(B).

For purposes of removal, service of process is governed by the law of the forum state. *City of Clarksdale v. Bellsouth Telecoms, Inc.*, 428 F.3d 206, 210 (5th Cir. 2005); *Freight Terminals, Inc. v. Ryder Sys., Inc.*, 461 F.2d 1046, 1052 (5th Cir. 1972). Louisiana's Long Arm Statute, found at La. R.S. 13:3201, *et seq.*, provides that service upon a nonresident defendant may be accomplished by sending a copy of the summons and complaint via registered or certified mail. La. R.S. 13:3204(A). Service under this statute is perfected upon transmittal of the suit via registered or certified mail, or by personal delivery. *Ramsay v. Rusnak*, 2013 WL 4039405 *8 (M.D. La. Aug. 7, 2013) (noting that while Louisiana's Long Arm Statute requires

the filing of an affidavit of service for the taking of default judgment, service is perfected prior to the filing of such affidavit); *Wood v. Hackler*, 276 So.3d 1136, 1141 (La. App. 2 Cir. Aug. 14, 2019) quoting *McFarland v. Dippel*, 756 So.2d 618, 622 (La. App. 1 Cir. 1/19/96) writ denied, 770 So.2d 349 (La. 9/29/00).  Further proceedings, particularly those specified as "default judgment, hearings upon contradictory motions, rule to show cause or other summary proceeding, except for actions pursuant to R.S. 46:2131, *et seq.* [pertaining to domestic violence]" may not be had against any defendant served via Louisiana's Long Arm Statute until "thirty days after the filing in the record of the affidavit of the individual" who personally mailed or secured the courier services to effectuate service under § 3204(A) or personally delivered the process to the defendant in question.   A violation of the rule of unanimity renders a removal procedurally defective, requiring remand. *Getty Oil Corp.*, 841 F.2d at 1262.

The Fifth Circuit recognizes several exceptions to the rule, however.   A removing defendant is not required to obtain consent to removal from: (1) improperly joined defendants or those alleged to be fraudulently joined; (2) nominal or formal parties; (3) non-forum defendants who have not been served at the time of removal.   Additionally, the Fifth Circuit has acknowledged that "extraordinary circumstances" can justify allowing a defendant to proceed with removal despite failing to meet all consent requirements.   Generally, such "exceptional

4

circumstances" relate to plaintiff conduct and are justified in order to prevent an injustice. *Ortiz v. Young*, 431 Fed. Appx. 306, 307 (5th Cir. 2011).

In the instant case, the record shows Plaintiff made service on Mesa via the Louisiana Secretary of State on June 2, 2021. (Rec. Doc. 1-1). Mesa's notice of removal asserts that Mesa believed the Hernandez defendants to be unserved as of the date of removal. (*Id.* at ¶ I(4)). Counsel for Mesa's affidavit, offered in support of its brief in opposition to remand, attests that until the

> July 2, 2021 removal of this matter, [counsel] monitored the record of the underlying state court suit…to check for evidence of service on the co-defendants…but during that time [counsel] saw no evidence of same in the record.

> (Rec. Doc. 11-1 at ¶ 11).

Additionally, counsel retained to represent Adelma Hernandez contacted Plaintiff's counsel via e-mail on June 21, 2021 to ask for a copy of the affidavit of long arm service "when you send it in for filing." Ms. Hernandez's counsel then asked for Plaintiff's counsel's thoughts on removal of the suit. (Rec. Doc. 11-1 at p. 4). Mesa filed its notice of removal on July 2, 2021. (Rec. Doc. 1). Plaintiff filed the instant motion to remand shortly afterward on July 20, 2021. (Rec. Doc. 7). The Hernandez defendants filed their answer, including an express consent to removal on July 30, 2021. (Rec. Doc. 9).

This Court agrees with the view expressed by our fellow courts here in the Western District of Louisiana concerning exceptions to the rule of unanimity in cases

such as the one before us. See, *Walmsley v. Ditzler*, No. 13-CV-2924, 2014 WL 1030085 (W.D. La. 3/5/2014); *Bilyeu v. Johanson Berenson LLP*, No. 08-CV-2006, 2010 WL 1257733 (W.D. La. 2/26/2010); *Cooper v. Sentry Select Ins. Co*, No. 08-CV-0649, 2008 WL 4610235 (W.D. La. 10/15/2008) In these cases, various courts within the Western District found that where, as here, a plaintiff neglects to file proof of service into the state court record, leading to the erroneous assumption by the removing defendant that one or more co-defendants has yet to be served at the time of removal, such conduct by the plaintiff warrants the equitable application of exception under the Fifth Circuit's reasoning in *Getty Oil* and *Ortiz*.

In *Ortiz*, the Fifth Circuit found a procedural defect based on defendant's late consent to removal and granted remand but did so noting that the defendant offered no explanation for the delay in filing notice of consent to removal. As such, the appellate court found no basis for an equitable exception to the rule of unanimity. Here, the facts offer more insight into the cause of the delay.

The Hernandez defendants labor under a language barrier and have, eighteen (18) days after removal, filed an answer and express written consent to removal. (Rec. Doc. 11-1 at ¶¶ 8-9). Moreover, as cited above, counsel for defendants did attempt to determine whether service had been made on the Hernandez defendants. Plaintiff's counsel failed to file an affidavit of service as to these defendants and did not respond to the e-mail inquiry of June 21, 2021 regarding service sent by counsel

for Ms. Hernandez. (*Id.;* Rec. Doc. 11-1 at p. 4). The rationale behind the rule of unanimity is that a plaintiff should be required to proceed against multiple defendants in a single action. Permitting Mesa's removal to proceed does not undermine the rationale of the rule of unanimity. *Marquette Business Inc. v. America's Kitchen, Inc.*, 2010 WL 1711767 (N.D. Tex. 2010) citing *Rock Island & Pac. Ry. v. Martin*, 178 U.S. 245, 248 (1900). The Hernandez defendants have consented and there is no future risk of piecemeal litigation.

As have our fellow courts in similar cases, this Court finds that a removing defendant is entitled to rely upon the state court record for purposes of determining whether one or more co-defendants has been served prior to removal. Were this not the applied rule, the result could incentivize exactly the sort of plaintiff conduct this Court believes requires application of the exception discussed here. *Ortiz*, 431 Fed. Appx. at 307. Rather, the best interpretation of the rule incentivizes the filing of proof of service and, therewith, clarity of the state court record for the benefit of any removal and any ensuing challenge thereto.

Having carefully considered the jurisprudence and the record in this case, it is the recommendation of this Court that an equitable exception to the rule of unanimity be applied in this case based on plaintiff's conduct in failing to file an affidavit of service in the record and, further, failing to be responsive to opposing counsel's requests for information regarding the status of service in this case. Moreover, the

Court recommends the application of an exception in this case based on its conclusion that such application and the resulting denial of remand would not frustrate the purpose of the rule of unanimity and would not work an injustice in this matter.

## Conclusion

For the reasons expressed above, it is the recommendation of the undersigned that the motion for remand filed by Plaintiff (Rec. Doc. 7) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d

1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

      THUS DONE in Chambers, Lafayette, Louisiana on this 12th day of November, 2021.

                    _____

                    PATRICK J. HANNA

                    UNITED STATES MAGISTRATE JUDGE